No. 2115.
Second Circuit Appeal.

---

McDONALD & FOSTER v. FARMERS' GIN CO., INC.

---

(October 17, 1924, Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest, Damages—Par. 74.
Where the warehouseman weighs cotton negligently, causing the purchaser to pay for a larger weight than delivered the warehouseman is liable for the excess paid the seller.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the Fifth District Court of Jackson, Hon. J. E. Reynolds, Judge.

This is a suit for damages for inaccurate weighing of cotton.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

CROW, J. Plaintiff, in the usual course of its business as a merchant and cotton buyer, purchased thirty-nine bales of cotton from the wagons of farmers in the town of Jonesboro, and paid for the cotton according to the weights of the defendant's scales. Defendant is a corporation, doing business as ginners, warehousemen, storers and weighers of cotton, for the public. Plaintiff also stored the cotton with defendant; and paid for the weighing and storage thereof.

Plaintiff complained that, through the negligence and carelessness of defendant's weigher, the small balance pea, or poise, attached to and near the end of the scales beam, became detached or lost, thereby causing the scales to over-weigh the cotton. Plaintiff claims that it later sold the cotton to one R. J. Cobb, and on its being re-weighed on accurate scales, there was a loss in weight of 524 pounds of cotton. It further contends that there was a shortage in weight of 397 pounds of cotton which he sold at 27.5 cents per pound, and a shortage of 127 pounds of cotton, which he sold at 27¼ cents per pound, thereby entailing a total loss to plaintiff of $142.00.

Defendant's answer makes the defense— (1) That it is only required to exercise ordinary care in keeping and caring for property deposited with it, and that it met that requirement in the instant case; (2) That it did not guarantee, to the knowledge of plaintiff, the weights of cotton; and, (3) That if the cotton lost in weight, it was due to natural shrinkage, as the cotton was damp or green when weighed by it.

The case was tried in the District Court, and there was judgment in favor of plaintiff for $63.29, being the value of 187 pounds of cotton at 27½ cents, and 54 pounds at 27¼ cents, with 5% per annum on the total amount of the judgment from date thereof. From the judgment, defendant has appealed, and plaintiff has answered the appeal, and asks that the judgment

be increased to the amount demanded in the original petition.

## OPINION.

The trial judge seems to have allowed plaintiff judgment for a loss of an average of six pounds a bale, caused by reason of the balance pea, or poise, being detached when the cotton was weighed. He also appears to have based judgment largely on the testimony of A. D. Jones, manager of defendant company, that the small pea just balanced the scales with the cotton hooks suspended from the hooks of the scales, and that those hooks weighed six pounds.

We think from a careful reading of the testimony in the case that the judgment of the lower Court was amply warranted. Although defendant contends that the balance pea was on the scales when the cotton in question was weighed, it looks rather singular that the pea was found to be off the scales by some one not connected with the weighing of the cotton by defendant, and the weigher's attention having to be called to that fact. Too, as soon as the pea was replaced on the scales and some of the same cotton re-weighed by those scales within a very few days of the time when it was first weighed, it showed, according to the testimony, a loss of some ten or twelve pounds per bale. When the cotton was weighed at the Ruston Compress a few days later, it lost an average of approximately fifteen pounds per bale from the original weights of the defendant company. The Superintendent of the Ruston Compress testifies that his scales are accurate and tested regularly. On that point he is not contradicted directly by anyone.

The contention that defendant is not liable because it did not guarantee the weights, is untenable. Defendant was a bailee for hire, and, as such, liable for any loss or damage caused by its failure to exercise ordinary caution and care in weighing, storing, or otherwise handling the cotton as a depositary. There was an implied contract for bailment when the cotton was entrusted by plaintiff to defendant for weighing and storing, and defendant cannot escape liability on the plea that it did not guarantee the weights. It was certainly negligence on the part of defendant to permit as conspicuous an object as the balance pea, or poise, on the beam of the scales to become detached or lost. This is particularly true when we take into consideration that the cotton was weighed on different days.

We think clearly there was a minimum loss of six pounds per bale, caused by the pea being removed, even taking into count the fact that there might have been some loss from natural causes, such as drying and shrinkage of the cotton. We are inclined to think the judgment should be amended; but because of the lack of definite and certain testimony that more than six pounds per bale was lost due to the inaccuracy of defendant's scales by reason of the detached pea, we shall merely affirm the judgment.

For the reasons assigned, the judgment is affirmed at the cost of appellant.